**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000649**
**26-JUN-2018**
**08:07 AM**

NO. CAAP-17-0000649

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
BABYLENE F. GANOY,
Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-17-02035)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Babylene F. Ganoy (Ganoy) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on August 8, 2017 in the District Court of the First Circuit, 'Ewa Division (district court),[1] convicting her of Operating a Vehicle Under the Influence of an Intoxicant under Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (b)(1). Prior to trial, Ganoy filed a motion to suppress all evidence obtained after Ganoy's vehicle was stopped by Honolulu Police Department Officer Alexander Garcia (Officer Garcia) on the grounds that Officer Garcia had stopped Ganoy's vehicle without a warrant and without reasonable suspicion. The district court

---

[1] The Honorable Steven L. Hartley presided.

denied Ganoy's motion to suppress, concluding that Officer Garcia's testimony supported a showing of reasonable suspicion for the stop. On appeal, Ganoy contends that the district court erred in denying her motion to suppress because the State of Hawai'i (State) failed to show that the traffic stop was supported by reasonable suspicion.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

"In determining the reasonableness of wholly discretionary automobile stops, [Hawai'i] court[s] ha[ve] repeatedly applied the standard set forth in [Terry v. Ohio, 392 U.S. 1 (1968)]." State v. Bolosan, 78 Hawai'i 86, 92, 890 P.2d 673, 679 (1995) (citations omitted).

> To justify an investigative stop, short of arrest based on probable cause, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." [Terry v. Ohio, 392 U.S. at 21]. The ultimate test in these situations must be whether from these facts, measured by an objective standard, a man of reasonable caution would be warranted in believing that criminal activity was afoot and that the action taken was appropriate.

Id. (citations omitted).

In this case, Ganoy argues that the State failed to elicit testimony from Officer Garcia about whether Ganoy's alleged speeding was reasonable or unreasonable under the conditions at the time, as such testimony is required to sustain a conviction for speeding pursuant to HRS § 291C-101.[2] However,

---

[2] HRS § 291C-101 (2007) provides:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent and having regard to the actual and potential hazards and conditions then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway conditions.

the State argues that it was not trying to sustain a speeding conviction by proving that Ganoy was driving at a particular speed, but rather, it was trying to prove that the stop was based on Officer Garcia's reasonable suspicion that Ganoy was speeding.

The district court denied Ganoy's motion to suppress, holding that "[Officer Garcia] did testify to specific articulable facts that support a showing of reasonable suspicion" for the traffic stop. We agree with the district court. The inquiry in this appeal is not whether the State properly elicited the evidence necessary to sustain a conviction for speeding, but whether Officer Garcia's testimony included specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted Officer Garcia stopping Ganoy's vehicle.

At trial, Officer Garcia testified that he first saw Ganoy's vehicle in his rearview mirror "rapidly approaching," then it "buzzed past [him] really fast," "at a very high rate of speed." At the time of this observation, Officer Garcia testified that he was driving at about 50 to 55 miles per hour in an area where the speed limit was 55 miles per hour.[3] We conclude that Officer Garcia's testimony in this regard included specific and articulable facts, which caused a rational inference that Ganoy was speeding, and thus reasonably warranted the traffic stop. Cf. State v. Estabillio, 121 Hawaiʻi 261, 270, 218 P.3d 749, 758 (2009) (noting that a traffic stop for, inter alia, speeding was based on specific and articulable facts); People v. Ramirez, 70 Cal. Rptr. 2d 341, 344 (Ct. App. 1997) (holding that the police officer's visual observation and estimate that the defendant was speeding constituted a specific articulable fact justifying him to stop defendant's vehicle). Therefore, the district court did not err in denying Ganoy's motion to suppress.

---

[3] We note that there was no objection at trial to this aspect of Officer Garcia's testimony.

Based on the foregoing, the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the district court on August 8, 2017 is affirmed.

DATED: Honolulu, Hawai'i, June 26, 2018.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4